IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Lee Ramsey,<br><br>                    Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>                    Defendant. | No. CV-15-00349-TUC-RM (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Tracy Lee Ramsey ("Ramsey") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security (the "Commissioner"). Ramsey filed her opening brief wherein she seeks remand for further proceedings. *See* Doc. 15. The Commissioner filed an opposition and Ramsey filed her reply. *See* Docs. 16, 17. Based on the pleadings and the administrative record submitted to the Court, the Magistrate Judge recommends that the District Court, after its independent review, remand to the Commissioner for further proceedings.

**PROCEDURAL HISTORY**

Ramsey filed an application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on December 16, 2011 with an alleged disability onset date of August 15, 2007. Administrative Record (AR) 27. Ramsey was born in 1959, making her 52 years of age at the time she applied for disability. AR 215. Ramsey's application was denied initially on July 3, 2012, and upon reconsideration on

November 28, 2012. AR 27. A hearing was held on June 5, 2013 and a supplemental hearing was held on December 4, 2013 before Administrative Law Judge (ALJ) Peter J. Baum. AR 27. ALJ Baum found that Ramsey had severe impairments of major depressive disorder, attention deficit hyperactive disorder, and dysthymic disorder (AR 29) but, at step five, ALJ Baum concluded Ramsey was not disabled. AR 32-37. ALJ Baum determined that Ramsey has the residual functional capacity to perform a full range of work but, due to her non-exertional limitations, she is limited to simple and repetitive tasks. AR 32.

Ramsey made a timely request for review to the Appeals Council. AR 21-22. In support of her request for Appeals Council review, Ramsey submitted a neuropsychological report dated July 21, 2014 prepared by James Rau, Ph.D. *See* Doc. 15 at p. 14, ll. 14-19. On June 12, 2015, the Appeals Council denied Ramsey's request for review. AR 1. The Appeals Council stated, *inter alia*, that Dr. Rau's Ju1y 21, 2014 report did not pertain to the period on and before January 9, 2014. AR 1-2.

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate SSI and DIB claims. 20 C.F.R. §§ 404.1520; 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing (1) she is not working; (2) she has a severe physical or mental impairment; (3) her impairment meets or equals the requirements of a listed impairment; and (4) her RFC precludes her from performing her past work, 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ and "not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Ramsey argues three points. First, Ramsey argues the ALJ erroneously failed to obtain vocational expert testimony at step five and, instead, issued his determination that Ramsey was not disabled based solely upon the use of the grids. Second, relying upon sentence four of 42 U.S.C. § 405(g), Ramsey argues this Court should expand the Administrative Record to include a neuropsychological report of Ramsey prepared by Dr. Rau dated July 21, 2014 (after the proceedings closed). Finally, and alternatively to her second point, Ramsey argues that under sentence six of 42 U.S.C. § 405(g) the Court should remand to the Commissioner for the consideration of Dr. Rau's report as "new" and "material" evidence. The Commissioner argues the ALJ's determinations should be

upheld, that the Appeals Council's decision to decline to expand the Administrative Record was proper, and that a sentence six remand is not required for the reason that Dr. Rau's report is not material and good cause for Ramsey's failure to submit the report is lacking. Ramsey replied to the Commissioner's contentions.

As more fully explained below, the Court concludes that ALJ Baum erred in failing to obtain vocational expert testimony at step five. This error requires that this matter be remanded to the Commissioner. The Court additionally concludes that Dr. Rau's neuropsychological report should be included in the Administrative Record upon remand.

**Vocational Expert Testimony**

At step five of the sequential evaluation process the ALJ considers whether a claimant can perform work that exists in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2). The determination can be made by either using "the testimony of a vocational expert or by reference to the Medical Vocational Guidelines." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002). The grids "consist of a matrix of [a claimant's RFC, age, work experience and education] and set forth rules that identify whether jobs requiring a specific combination of these factors exist in significant numbers in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983). *See also*, 20 C.F.R. §§ 416.969, 416.969a. If a claimant's RFC and vocational factors coincide entirely with a rule under the grids then the rule directs a finding of disabled or not disabled. 20 C.F.R. pt. 404, subpt. P, app. 2. § 200.00(a). However, if a claimant has a non-exertional limitation that is "'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations" then an ALJ must obtain the testimony of a vocational expert. *Hoopai*, 499 F.3d at 1076 (quoting *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988)).

Here, the ALJ determined that Ramsey has moderate limitations in social functioning as well as in concentration, persistence or pace. *See* AR 31-32 ("In social functioning, the claimant has moderate difficulties…With regard to concentration,

persistence or pace, the claimant has moderate difficulties.") Nevertheless, the ALJ relied solely upon the grids in determining, without explanation, that Ramsey's non-exertional limitations "have little or no effect on the occupational base of unskilled work at all exertional levels." *See* AR 36-37.

As pointed out by Ramsey, this Court has previously recognized that several Ninth Circuit cases support the conclusion that an ALJ is required to include a claimant's moderate limitations in concentration, persistence, or pace in a hypothetical question posed to a vocational expert rather than relying solely upon the grids in reaching a disability determination at set five. *See Cavanaugh v. Colvin*, 2014 WL 7339072, at *5 (D. Ariz. Dec. 23, 2014) (adopting report and recommendation) (citing *Lubin v. Comm'r of Soc. Sec. Admin*, 507 Fed. App'x 709, 712 (9th Cir. 2013); *Williamson v. Comm'n of Soc. Sec.*, 438 F. App'x 609, 611 (9th Cir. 2011); *Brink v. Comm'r of Soc. Sec.*, 343 F. App'x 211, 212 (9th Cir. 2009)). In *Cavanaugh*, this Court specifically recognized that the grids do not adequately account for a moderate deficiency in concentration, persistence or pace and, as a result, vocational expert testimony is required at step five. *See Id.*, citing *Perkins v. Colvin*, 2014 WL 442587, at *15 (citing *Perkins v. Colvin*, No. CV-12-01801-PHX-JAT, 2013 WL 3930407, at *10 (D. Ariz. July 30, 2013) (requiring testimony of vocational expert when claimant had non-exertional limitations related to cognitive impairments)). *See also, Kravat-Jahner v. Colvin*, 2014 WL 880506, at *17 (D. Ariz. 2014) (it was error for the ALJ to rely solely upon the grids rather than take VE testimony where the ALJ found that the plaintiff had the residual functional capacity to perform "simple, repetitive, unskilled work" at "all exertional levels" but, at step five, did not adequately explain how the plaintiff could nonetheless perform other work in the national economy where the plaintiff's non-exertional limitations included limited concentration). A vocational expert did not testify in this matter and ALJ Baum made his step five determination of not disabled solely based upon the grids. In light of the foregoing persuasive authority, the Court determines that it was error for the ALJ to have issued his step five decision without the benefit of testimony from a vocational expert.

The Commissioner cites one case from the District of Arizona along with a handful of cases from other district courts in support of her position that the ALJ committed no error in relying solely upon the grids at step five. *See* Doc. 16 at pp. 6-7. The Court finds *Remmers v. Colvin*, 2015 WL 6502109, at *13 (D. Ariz. Oct. 28, 2015) distinguishable, in part, on the grounds that the plaintiff there, in addition to having a moderate limitations in concentration, persistence or pace, had, *inter alia*, an extensive educational background as well as a lengthy career as a proficient self-reliant employee and she engaged in daily activities that included reading and doing crossword puzzles. In contrast to the claimant in *Remmers*, Ramsey does not have a high school degree (or the equivalent) and has no relevant past work. *See* AR 36. *Remmers* is not persuasive.

The Commissioner's citation to *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007) also fails to advance her argument. *See* Doc. 16 at p. 4, ll. 6-10. As mentioned above, *Hoopai* restates the often repeated rule that VE testimony is not required unless the ALJ determines that a claimant's non-exertional limitations are "'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations." 499 F.3d at 1076. (Citation omitted.) At issue in *Hoopai* was the effect of the claimant's depression on his ability to do work beyond the exertional limitations. *Id*. at 1077. The appellate court summarized medical testimony that identified functional non-exertional limitations including a moderate limitation in concentration, persistence and pace. *Id*. *Hoopai* determined that the ALJ's decision that the claimant's depression was not sufficiently severe as to require VE testimony was supported by substantial evidence and, in so determining, gave no indication that the ALJ had actually adopted any non-exertional limitations. *Id*.

Here, unlike the claimant in *Hoopai*, ALJ Baum expressly determined that Ramsey suffers from a moderate limitation in concentration, persistence or pace. In the Court's mind, such a moderate non-exertional limitation cannot be deemed to have an insignificant effect upon Ramsey's ability to perform "unskilled work at all exertional levels." *See* AR 37. Moreover, the neuropsychological report of Ramsey that was

prepared by Dr. James Rau, Ph.D., and discussed *infra*, supports the determination that VE expert testimony was required at step five given Ramsey's moderate non-exertional limitation. *See, e.g.*, Doc. 15-2 at Ex. B at p. 6 (Dr. Rau determined, in part, that Ramsey that had a full scale IQ of 73, "low average to impaired overall" intelligence abilities, "consistently low average to borderline deficient verbal comprehension and perception reasoning abilities," and was "consistently impaired on all working memory tasks and borderline deficient on speed-related tasks.").

Finally, Ramsey argues that since the ALJ determined that Ramsey was limited to simple repetitive tasks (*see* AR 32), VE testimony was required to identify only unskilled occupations at Reasoning Levels[1] that Ramsey could perform. *See* Doc. 15 at p. 12, ll. 6-20. Ramsey relies upon *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015), wherein the Ninth Circuit held that there is a conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning. *Id*. *Zavalin* held that the ALJ's failure to recognize the inconsistency was error and remand was required so that a VE could explain why a claimant with Zavalin's limitation could meet the demands of Level 3 Reasoning. *Id*. The Commissioner has not addressed *Zavalin*.

The Court finds *Zavalin* persuasive. Here, the ALJ determined that Ramsey is limited to simple and repetitive tasks. AR 32. The ALJ also concluded, without VE testimony, that her "limitations have little or no effect on the occupational base of unskilled work[…]" AR 36-37. In light of *Zavalin*, it was error for the ALJ to fail take VE testimony to identify only unskilled occupations at Reasoning Levels that Ramsey could perform.

A federal court may affirm, modify, reverse, or remand a social security case. *See* 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v.*

---

[1] Unskilled occupations are defined in the Dictionary of Occupational Titles as having Reasoning Levels ranging from 1 through 4. *See, e.g.*, *Dict. of Occ. Titles*, No. 237.367-017 (Information Clerk, Reasoning Level 4); No. 211.462-010 (Cashier II, Reasoning Level 3); No. 701.687-010 (Assembler, Reasoning Level 2); No. 323.687-014 (Housekeeping Cleaner, Reasoning Level 1).

- 7 -

*Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). As the Court has determined that the ALJ must obtain the testimony of a vocational expert before making a decision at step five, the appropriate remedy is a remand.

**Consideration of Supplemental Evidence**

As mentioned above, Ramsey seeks to have the neuropsychological report of Ramsey prepared by James Rau, Ph.D., considered a part of the Administrative Record. Ramsey's argument is two-fold: First, Ramsey argues that the Court should correct the Administrative Record upon remand because it was error for the Appeals Council to have failed to consider Dr. Rau's report when it issued its decision to deny review. *See* Doc. 15 at p. 2, ll. 1-14. Alternatively, Ramsey relies upon sentence six of 42 U.S.C. § 405(g) which permits the Court to expand the AR to include evidence absent from the AR if certain requirements are met. *See Id*. at ll. 15-22.

By way of background, Dr. Rau evaluated Ramsey on June 18th, July 10th and July 15th of 2014 and his report is dated July 21, 2014. *See* Doc. 15-2 at Ex. B (Dr. Rau's report) at p. 3. Ramsey submitted Dr. Rau's report to the Appeals Council in the course of submitting her request for review. *See Id*. at p. 2. In its Notice of Appeals Council Action, the Appeals Council stated, *inter alia*,

> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence already in the record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at a Neuropsychological Evaluation from James Rau, Ph.D., dated June 13, 2014 to June 25, 2014, pages 11: […] This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before January 9, 2014.

AR 2.

Evidence submitted to the Appeals Council is part of the record for substantial evidence review of an ALJ's decision. *See, e.g., Brewes v. Comm'r of Soc. Security Agency*, 682 F.3d 1157, 1161-65 (9th Cir. 2012) ("The Commissioner's regulations permit

- 8 -

claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision. *See* C.F.R. § 404.970(b).") (footnote omitted.) Under this general rule, Dr. Rau's report should be considered part of the Administrative Record. Dr. Rau's report was submitted to the Appeals Council for its consideration in Ramsey's request for review (*see* AR 2) and, as explained below, relates to the period on or before the ALJ's decision.

As set forth in his report, Dr. Rau determined, *inter alia*, that Ramsey has a full scale IQ of 73. *See* Doc. 15-2 at Ex. B at p. 8. As pointed out by Ramsey, district courts within this circuit have held that a claimant's IQ is presumed to remain stable over time in the absence of any evidence of a change in a claimant's intellectual functioning. *See, e.g., Thorsborne v. Colvin*, 2015 WL 6758121, at *3-4 (C.D. Cal. Nov. 5, 2015) (collecting cases that have held, *inter alia*, that a person's IQ is presumed to remain stable over time); *Flores v. Astrue*, 2013 WL 146190, at *4 (C.D. Cal. Jan. 11, 2013) (it is presumed that IQ scores remain relatively constant during a person's lifetime); *Shuler v. Astrue*, 2010 WL 1443892 (C.D. Cal. Apr. 7, 2010 (same); *Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001) (IQ tests after age 22 "create a rebuttable presumption of a fairly constant IQ throughout life") (citing *Muncy v. Apfel*, 247 F.3d 728, 738 (8th Cir. 2001).) Here, there is no evidence to suggest that Dr. Rau's report, which measured Ramsey's innate neuropsychological functioning in June and July of 2014, does not relate to the time period at issue (January 9, 2014 and earlier). Although the Commissioner generally argues to the contrary, the Commissioner has made no real effort to distinguish the foregoing case law. *See* Doc. 16 at p. 11, ll. 5-13.

Dr. Rau's report was properly submitted to the Appeals Council for its consideration and the Appeals Council erroneously failed to consider it under the mistaken reasoning that it did not relate to the relevant time period. In light of the foregoing, the Court concludes that Dr. Rau's report should be considered part of the Administrative Record upon remand.

Alternatively, the Court determines that consideration of Dr. Rau's report upon remand under sentence six of 42 U.S.C. § 405(g) is also proper. Relevant here, sentence six of 42 U.S.C. § 405(g) provides that the Court may, at any time, order that additional evidence be taken before the Commissioner upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a proceeding. *See* 42 U.S.C. § 405(g) (sentence six). Here, the three elements of newness, materiality, and good cause are all satisfied.

There is no dispute that Dr. Rau's report is new evidence. Evidence is "material" if there is a "reasonable probability" that the Commissioner's fact finder would have reached a different outcome if the fact-finder considered the new evidence. *See, e.g., Booz v. Sec'y of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir. 1984). Here, there is a reasonable probability that the ALJ would have reached a different outcome had he considered the conclusions of Dr. Rau that Ramsey that had, *inter alia*, a full scale IQ of 73, "low average to impaired overall" intelligence abilities, "consistently low average to borderline deficient verbal comprehension and perception reasoning abilities," and was "consistently impaired on all working memory tasks and borderline deficient on speed-related tasks." *See* Doc. 15-2 at p. 6. Finally, good cause exists for the omission of Dr. Rau's report. As explained above, Dr. Rau's report should have been considered by the Appeals Council and it was not through no fault of Ramsey. The Court rejects the Commissioner's argument that good cause does not exist for the omission of Dr. Rau's report because it was Ramsey's fault that she failed to attend an earlier scheduled exam in Phoenix because she didn't have a working car. *See* Doc. 16 at pp. 12-13, ll. 22-2. As explained above, the Appeals Council is required to consider additional relevant evidence submitted in a request for review. *See* 20 C.F.R. § 404.970(b). The Appeals Council erroneously failed to do so and so whatever caused Ramey to miss an earlier scheduled examination is, simply put, not relevant.

For the reasons set forth above, the Court concludes that Dr. Rau's report should be considered a part of the Administrative Record upon remand.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends the District Court, after its independent review, enter an order **granting** Plaintiff's request to reverse the Commissioner's final decision and **remand** to the ALJ to conduct further proceedings.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within 14 days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 15-0349-TUC-RM**.

Dated this 2nd day of August, 2016.

D. Thomas Ferraro
United States Magistrate Judge